IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CT-3311-FL

| | | |
|---|---|---|
| JOE NATHAN PYATT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DIRECTOR OF THE FEDERAL BUREAU | ) | |
| OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a federal inmate proceeding pro se, commenced this action by filing complaint December 5, 2025, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983, the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702. The matter now comes before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Also before the court is plaintiff's motion to proceed without prepayment of fees (DE 2).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss any that are frivolous, malicious, fail to state a claim on which relief may be granted, or if the inmate seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough

to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

In addition, pro se pleadings should be "liberally construed" and they are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Erickson, however, does not undermine the "requirement that a pleading contain more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quotation omitted).

At the outset, while plaintiff does not specifically invoke Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) in his complaint, the court construes his claims as arising under Bivens, rather than § 1983, because he alleges constitutional violations by federal actors. A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. See Bivens, 403 U.S. at 395-97. Thus, Bivens actions represent a federal counterpart to 42 U.S.C. § 1983.

However, plaintiff's claims are not cognizable under Bivens. See Goldey v. Fields, 606 U.S. 942, 945 (2025) ("For the past 45 years, [the Supreme Court] has consistently declined to extend Bivens to new contexts."); Mays v. Smith, 70 F.4th 198, 201–06 (4th Cir. 2023). Even so, the court proceeds to the merits where plaintiff primarily seeks injunctive relief in the complaint, and the Supreme Court has suggested that prisoners may pursue standalone constitutional claims

in support of requests for injunctive relief, separate and apart from the Bivens damages remedy. See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 74 (2001).

In the complaint, plaintiff alleges his rights have been violated under the First and Fifth Amendments to the United States' Constitution by an unidentified regulation promulgated by the Federal Bureau of Prisons ("FBOP"). According to plaintiff, the purported regulation prohibits plaintiff or other inmates from communicating with the United States Attorneys' Office ("USAO") by email or telephone. Plaintiff contends he "has attempted litigation stratagem which required use of the Federal Rules of Criminal and Civil [P]rocedurure" but is unable "to communicate with opposing counsel for effective use of the Rules of Procedure" as a result of the regulation. (Compl. (DE 1) at 3). Plaintiff further alleges the FBOP has "imposed a blanket block against all inmates for communicating ... with the email domain @usdoj.gov" and blocked phone communication with the USAO. (Id.). In administrative remedy documentation filed by plaintiff with his complaint, the FBOP indicates "there is no block on the domain '@usdoj.gov'" but the email recipient must accept email correspondence for it to be successfully received. (DE 1-1 at 4).

The court begins with plaintiff's First Amendment claims. According to plaintiff, the unidentified FBOP regulation is both invalid both facially and as-applied because the ban on email and telephone communication has made it "so that no one can communicate to the USAO," resulting in an unconstitutional prohibition on "the First Amendment right to Petition the Government for redress." (DE 1 at 4). Notably, plaintiff has not identified the purportedly unconstitutional regulation and the FBOP has stated no such regulation exists. But even if the

3

regulation did exist, plaintiff would be unable to maintain his First Amendment claim because he does not have a constitutional entitlement to the specific forms of communication at issue.

The First Amendment includes the right to "petition the Government for a redress of grievances." U.S. CONST. amend. I. This clause "protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379, 387 (2011). One form of petition protected by the clause is the right to litigate. Id. at 397. "The Supreme Court has recognized that this right is cut from the same cloth as the other guarantees of [the First] Amendment, and is an assurance of a particular freedom of expression." Kirby v. City of Elizabeth City, N.C., 388 F.3d 440, 448 (4th Cir. 2004) (quotation marks omitted). As a result, while the court recognizes there is not always an "essential equivalence" between the Petition Clause and Speech Clause, the "substantial common ground" between these provisions is helpful in resolving plaintiff's First Amendment claims in the instant case. See Guarnieri, 564 U.S. at 388; Kirby, 388 F.3d at 448.

Here, plaintiff does not allege his right to litigate against the government has been wholly eliminated. Rather, he contends that certain means of communicating with the prosecution—by email and telephone—have been restricted. When a prison system permits inmates to utilize multiple means of outside communications, prison authorities may lawfully impose reasonable time, place, and manner restrictions on the use of one or more of those communication means without infringing on inmates' First Amendment rights. See, e.g., Pell v. Procunier, 417 U.S. 817, 827–28 (1974). In Pell, the Supreme Court found that a "restriction on one manner in which prisoners can communicate with persons outside of prison" is not unconstitutional if the

4

"restriction operates in a neutral fashion, without regard to the content of the expression." Id. at 827.

As a result, where other means of communication are available, prison inmates do not have a constitutional right to a particular form of communication, including email. See id. at 827-28.[1] For the same reason, inmates do not have a constitutional right to telephone communication. See Pell 417 U.S. at 827–28; see also United States v. Alkire, No. 95-7885, 1996 WL 166400, at *1 (4th Cir. 1996) (unpublished) (finding "there is no constitutional or federal statutory right to use of a telephone while in prison"); Aswegan v. Henry, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); Pope v. Hightower, 101 F.3d 1382, 1385 (11th Cir. 1996) (holding that an inmate's First Amendment rights were not violated because he had an "alternative means" of communicating with persons outside the prison).

Therefore, plaintiff's claim that the FBOP restricted him from contacting the USAO by email and telephone is not cognizable under the First Amendment, given that plaintiff had other means of communicating with the USAO concerning his ongoing criminal prosecution, including by written correspondence and through court filings. For these reasons, plaintiff's First Amendment claims cannot survive review.

---

[1] Numerous courts have upheld restrictions on the form of communication where alternatives methods are available. See Edwards v. New York State Dep't of Corr. & Cmty. Supervision, No. 9:19-CV-254 (MAD/ATB), 2019 WL 1978803, at *5 (N.D.N.Y. May 3, 2019) (internal citations omitted) (citing cases); Holt v. Bright, No. 4:19-CV-1438, 2020 WL 224575, at *3 (N.D. Ohio Jan. 15, 2020) ("while prisoners have a First Amendment right to communicate with the outside world, they do not have a constitutional right to a particular form of communication, such as access to email or telephone"); Smith v. Unknown Hall, No. 1:18-CV-277, 2018 WL 1602633, at *4 (W.D. Mich. Apr. 3, 2018) (courts "have routinely agreed" that inmates "do not have a constitutional right to a particular form of communication, such as access to email.") (citing cases).

Next, the court considers plaintiff's Fifth Amendment claim. The Fifth Amendment prohibits taking one's "life, liberty, or property, without due process of law." U.S. CONST. amend. V. "Before asking if a due-process violation occurred," however, the court "must first determine whether the alleged violation implicates a constitutionally protected liberty or property interest." Henderson v. Harmon, 102 F.4th 242, 247 (4th Cir. 2024). Here, plaintiff contends that the FBOP has violated his due process right "to use the Federal Rules of Criminal and Civil Procedures in furtherance of active litigation."

Here, plaintiff has not shown how his inability to contact the USAO by email or telephone has prevented his compliance with the Federal Rules of Civil Procedure or the Rules of Criminal Procedure. Rather, plaintiff seems to contend that he has lost the "most effective means" of contacting the USAO. (DE 1 at 6). Either way, the alleged deprivation does not amount to a violation of any protected liberty interest under the Fifth Amendment.

The Rules Enabling Act, 28 U.S.C. §§ 2071-2077, which authorizes the Supreme Court to prescribe general rules of practice and procedure for the federal courts, provides in relevant part that such rules "shall not abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Thus, because federal procedural rules cannot enlarge or modify plaintiff's substantive right, these rules cannot form the basis of a protected liberty interest under the Fifth Amendment. As a result, plaintiff has failed to state a due process claim on these grounds.

Finally, the court considers plaintiff's APA claim. Under the APA, "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. To obtain review under this provision, a plaintiff must 1) identify some final "agency action" to be reviewed, and 2) show that he has

6

suffered a "legal wrong" or been "adversely affected or aggrieved" by the action at issue. <u>See</u> <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 882–83 (1990) (explaining that it is the plaintiff's burden to identify specific federal conduct and explain how it qualifies as "final agency action"); <u>see also</u> <u>Whitner v. United States</u>, 487 Fed. Appx. 801, 803 (4th Cir. 2012) (plaintiff "fail[s] to state any plausible basis" for relief under APA where he "fails to identify any final agency action entitling [him] to review"). Here, plaintiff has not identified any final agency action preventing his communication with the USAO by email or telephone. Furthermore, the FBOP contends no such regulation exists. Thus, plaintiff fails to state a claim under the APA. To the extent plaintiff claims he is entitled to declaratory judgment "pursuant to 28 U.S.C. 2201 vis-à-vis Section 702 of the APA," this claim necessarily fails alongside his APA claim.

CONCLUSION

Based on the foregoing, this action is DISMISSED without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion to proceed without prepayment of fees (DE 2) is DENIED as moot. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of July, 2026.

LOUISE W. FLANAGAN
United States District Judge

7